UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHAMBRIA NECOLE SMITH** | **CIVIL ACTION** |
| **VERSUS** | **NO: 16-16597** |
| **KANSA TECHNOLOGY, LLC, ET AL** | **SECTION: "N" (4)** |

## ORDER AND REASONS

Before the Court is a **Motion to Compel Deposition of Plaintiff (R. Doc. 14)** filed by Defendants, Kansa Technology, LLC ("Kansa") seeking an order of the court compelling Plaintiff Shambria Necole Smith to sit for her deposition. The motion is not opposed. The motion was submitted on August 2, 2017. For the following reasons, the motion is **GRANTED.**

### I. Background

This action was removed from the 21st Judicial District Court for the Parish of Tangipahoa on November 26, 2016. R. Doc. 1. The Plaintiff alleges that on or about October 13, 2015 she suffered a catastrophic injury that resulted in the amputation of her finger while using a paper press/paper machine. She alleges that her hand became entangled in the spinning, unguarded machine and conveyor system, which result in extensive injuries to her upper extremity and neck area, multiple hemorrhages, unconsciousness, torn flesh, and uncountable bleeding. R. Doc. 1-2, p. 5. As such, the Plaintiff filed a number of claims against her employer the Hammond Daily Star Publishing Company, Inc. and the alleged machine manufacturer Kansa Technology, LLC.

At this time, Kansa has filed a claim seeking to compel the Plaintiff to sit for her deposition. R. Doc. 14. Kansa originally requested available dates for the Plaintiff's deposition in early December of 2016, and Plaintiff's counsel's assistant originally provided a number of available dates from January through March of 2017. R. Doc. 14-1, p. 2. Kansa then noticed the deposition for February 2, 2017. *Id.* Thereafter, Plaintiff's counsel apparently objected, arguing that they

would like to propound discovery and conduct a site inspection prior to the deposition. *Id.* Kansa responding stating that the objections were not proper objections to the deposition and offered to listen if the Plaintiff could provide a valid reason for delaying the deposition. *Id.* On February 1, 2017, Kansa apparently cancelled the noticed deposition because he was informed that the Plaintiff would not be appearing for it. *Id.* at p. 3. Thereafter, Kansa appears to have continued on a number of occasions to secure the deposition of the Plaintiff. However, Plaintiff's counsel refused to produce the Plaintiff until further discovery had been completed and the Plaintiff's expert witness conducted a site inspection of the subject machine with the Plaintiff present. *Id.* at p. 3-5. Unable to resolve the dispute, Kansa filed the instant motion to compel the deposition of the Plaintiff and for an award of fees.

**II.**     **Standard of Review**

Federal Rule of Civil Procedure 30 governs the requirements for depositions by oral examination, allowing a party to "depose any person, including a party, without leave of the court" except in certain cases where the parties have not stipulated to the deposition and if the deponent is confined in prison. Fed. R. Civ. P. 30(a)(1)-(2). Generally, notice for a deposition requires that the party requesting deposition "give reasonable written notice to every other party.... stat[ing] the time and place of the deposition and, if known, the deponent's name and address." Fed. R. Civ. P. 30(b)(1). The noticing party must also state the method to be used for recording the testimony. Fed. R. Civ. P. 30(b)(3).

Federal Rule of Civil Procedure 37 provides sanctions for failure to cooperate in discovery. Rule 37(a) allows a party in certain circumstances to move for an order compelling discovery from another party. Additionally, Rule 37(d) "provides for sanctions for discovery abuses in cases where

no prior discovery order has issued." *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1031 (5th Cir. 1990). Rule 37(d)(1)(A)(i) provides:

> A. The court where action is pending may, on motion, order sanctions if:
>
> > i. A party…fails, after being served proper notice, to appear for that person's deposition.

*See also Shumock v. Columbia/HCA Healthcare Corp.*, No. Civ.A. 99–1777, 1999 WL 102829, at *1 (E.D. La. Nov. 10, 1999); *see also Rangel v. Gonzalez Mascorro*, 274 F.R.D. 585, 592 (S.D. Texas 2011). "Awardable sanctions under [Rule 37(d)] are entirely flexible depending on the circumstances of each case." *Shumock v. Columbia/HCA Healthcare Corp.,* 1999 WL 1021829, at *1 n. 4 (E.D. La. Nov. 10, 1999) (citing *Nat'l Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639(1976)). Moreover, "[i]f a party fails to attend a deposition, the court 'shall' order that party to pay the opposing party's expenses unless the failure to attend was 'substantially justified.'" *Barnes v. Madison*, 79 F. App'x 691, 707 (5th Cir. 2003) (citing Fed. R. Civ. P. 37(d)). Finally, the actions triggering Rule 37(d) do not need to be willful and may be negligent; however, the level of culpability might inform the appropriate sanction. *Coane*, 898 F.2d at 1032 (quoting Fed. R. Civ. P. 37, Advisory Committee Notes to 1970 Amendment) ("[I]n view of the possibility of light sanctions, even a negligent failure should come within Rule 37(d).").

### III.  Analysis

Here, Kansa seeks to compel the deposition of the Plaintiff. R. Doc. 14. The Plaintiff has not filed an opposition to the instant motion.

As an initial matter, the Plaintiff's deposition was properly noticed for February 2, 2017. R. Doc. 14-7. Ultimately, that deposition was canceled on February 1, 2017 because the Plaintiff refused to attend, citing certain discovery objections including the desire to review the subject

machine with her expert witness. R. Doc. 14-1, p. 2-3. After the Plaintiff failed to appear for her noticed deposition, Kansa could have filed a motion to compel at that time under Federal Rule of Civil Procedure 37(d)(A)(i). However, Kansa attempted to resolve the dispute between the parties to secure the deposition of the Plaintiff. Despite its efforts to avoid involving the Court, Kansa was unable to secure the deposition of the Plaintiff and filed this motion. Certainly, the Plaintiff's objections as to the sequence of discovery are unavailing. Federal Rule of Civil Procedure 26(d)(3) provides that discovery may be pursued in any sequence and that discovery by one party does not require delaying discovery by any other party. Finding no reason that the Plaintiff should not submit to her deposition and the lack of any opposition filed, the Court grants the motion to compel.

Moreover, given that the Plaintiff has attempted to delay her deposition without proper justification, the Court will not reward such delay. "Lawyers and litigants who decide that they will play by rules of their own invention will find that the game cannot be won." *Northwestern Nat'l Ins. Co. v. Baltes*, 15 F.3d 660, 663 (7th Cir. 1994). As such, the Court will further grant Kansa's request that the deposition occur prior to any site inspection performed by the Plaintiff's expert in the presence of the Plaintiff.

Second, because the motion to compel will be been granted, the Court may impose reasonable expenses in making the instant motion to compel on the Plaintiff for failing to attend her deposition. Fed. R. Civ. P. 37(a)(5)(A); 37(d)(3). Because the Plaintiff has failed to oppose the instant motion, there is no evidence of substantial justification for failing to respond nor is there any evidence of circumstances that would make the imposition of costs unjust. As such, the Court will award reasonable expenses in making the instant motion to compel to Kansa.

## IV.     Conclusion

**IT IS ORDERED** that the Defendant's **Motion to Compel Deposition of Plaintiff (R. Doc. 14)** is **GRANTED.**

**IT IS FURTHER ORDERED** that the Plaintiff must submit to her deposition prior to any site inspection performed by the Plaintiff's expert in the presence of the Plaintiff.

**IT IS FURTHER ORDERED** that the Defendant is awarded attorneys' fees and costs in connection with the Motion to Compel Deposition of Plaintiff (R. Doc. 14).

**IT IS FURTHER ORDERED** that the Defendant shall file a motion to fix attorney fees into the record by **August 8, 2017,** along with: (1) an affidavit attesting to its attorney's education, background, skills and experience; (2) sufficient evidence of rates charged in similar cases by other local attorneys with similar experience, skill and reputation and; (3) the documentation required by Local Rule 54.2. Any opposition to the fee application shall be filed no later than **August 15, 2017**. The motion shall be set for hearing on **August 23, 2017**, to be heard without oral argument.

New Orleans, Louisiana, this 2nd day of August 2017.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**