UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SHAMBRIA NECOLE SMITH                                CIVIL ACTION

VERSUS                                               NO. 16-16597

KANSA TECHNOLOGY, LLC AND                            SECTION "N" (4)
HAMMOND DAILY STAR
PUBLISHING COMPANY, INC.

ORDER AND REASONS

Presently before the Court is a "Motion for Summary Judgment" (Rec. Doc. 32), which was filed by Defendant, Kansa Technology, L.L.C. ("Kansa") on the basis of lack of causation. The motion is opposed (Rec. Doc. 33) by Plaintiff, Shambria Smith ("Plaintiff"). On the showing made, **IT IS ORDERED** that Kansa's Motion for Summary Judgment is **DENIED.**

I.     Background

In this product liability litigation, Plaintiff alleges that the Kansa 480 Newspaper Inserter possesses a characteristic that renders the product unreasonably dangerous and that such characteristic proximately caused Plaintiff's injury. In its Motion for Summary Judgment, Kansa claims that the Kansa Inserter did not cause or contribute to the cause of Plaintiff's accident and injury. (Rec. Doc. 32-1 at p. 3). Rather, Kansa asserts that the testimony of two eyewitnesses, Chyra Anderson and Samuel Demarco, as well as Plaintiff's own testimony, establishes that Plaintiff was injured on the conveyor belt, and not by the Kansa 480 Newspaper Inserter. (*See id.* at pp. 3-4). In opposition, Plaintiff cites to her deposition testimony wherein she testified that her injury *was* caused by the Kansa Inserter. (Rec. Doc. 33 at pp. 5, 10). Additionally, Plaintiff submits Kansa's May 26, 2017 answers to interrogatories and expert Edward Carrick's report in support of her argument that

1

summary judgment is improper because there is an issue of material fact as to the cause of the accident. (*See id.* at p. 10).

## II. Summary Judgment Standard

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). "Materiality" is determined by the substantive law's identification of which facts are critical and which facts are irrelevant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed.2d 202 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.*

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986); *see also Lavespere v. Liberty Mut. Ins. Co.*, 910 F.2d 167, 178 (5th Cir. 1990). Once the moving party carries its burden pursuant to Rule 56(a), the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex,* 477 U.S. at 324, 106 S. Ct. 2553; *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed.2d 538 (1986); *Auguster v. Vermillion Parish School Bd.,* 249 F.3d 400, 402 (5th Cir. 2001).

When evaluating a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, *Gillis v. Louisiana,* 294 F.3d 755, 758 (5th Cir.

2002), and draws all reasonable inferences in favor of that party. *Hunt v. Rapides Healthcare System, L.L.C.,* 277 F.3d 757, 764 (2001). Factual controversies are to be resolved in favor of the nonmoving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994) (citations omitted).

Although the Court is to consider the full record in ruling on a motion for summary judgment, Rule 56 does not obligate it to search for evidence to support a party's opposition to summary judgment. *See* Fed. R. Civ. P. 56(c)(3) ("court need consider only the cited materials"); *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003) ("When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court."). Thus, the nonmoving party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims. *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871, 115 S. Ct. 195 (1994).

### III. <u>Application of the Legal Standard</u>

#### A. Liability Under The Louisiana Products Liability Act

The Louisiana Products Liability Act ("LPLA") establishes the exclusive theories of liability under Louisiana law for recovering from manufacturers for injuries caused by their products. La. Rev. Stat. Ann. § 9:2800.52 (West 2018); *see also Evans v. Ford Motor Co.*, 484 F.3d 329, 334-35 (5th Cir. 2007). The LPLA permits plaintiffs to recover for damages proximately caused by products that are unreasonably dangerous within the meaning of the Act. La. Rev. Stat. Ann. § 9:2800.54 (A) (West 2018). To recover under the LPLA, the Plaintiff must be able to prove the threshold issue of causation.

Considering the evidence in the light most favorable to Plaintiff, the nonmoving party, the Court finds a genuine dispute of material fact, rooted in credibility, concerning whether the Kansa Inserter caused Plaintiff's alleged injury. However, the Court notes that Plaintiff's testimony–which appears somewhat conflicting itself–will likely require further corroboration in order to carry her burden at trial, particularly in light of the testimony of two eyewitnesses.

**IV. Conclusion**

For the reasons stated herein,

**IT IS ORDERED** that Kansa's Motion for Summary Judgment (Rec. Doc. 32) is hereby **DENIED.**

New Orleans, Louisiana, this <u>18th</u> day of April, 2018.

_____
**KURT D. ENGELHARDT**
**United States District Judge**

**Clerk to Copy:**
Magistrate Judge Roby