UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SHAMBERIA[1] NECOLE SMITH     CIVIL ACTION

VERSUS     NO. 16-16597

KANSA TECHNOLOGY, LLC     SECTION "N" (4)

## ORDER AND REASONS

Presently before the Court is Plaintiff Shamberia Necole Smith's Motion for New Trial (Rec. Doc. 89). Having carefully considered the motion, the applicable law, and the record of this matter, the Court **DENIES** the motion as stated herein.

Plaintiff's Motion for New Trial is filed pursuant to Rule 59(a) of the Federal Rules of Civil Procedure. *See* Rec. Doc. 89. Rule 59(a) allows a Court to grant a new trial following a trial by jury for "any reason for which a new trial has heretofore been granted in an action at law in federal court." *See* Fed. R. Civ. P. 59(a). "A new trial may be granted, for example, if the district court finds the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course." *Smith v. Transworld Drilling Co.,* 773 F.2d 610, 613 (5th Cir. 1985) (internal citations omitted). In considering a Rule 59(a) motion based on evidentiary grounds, a court may weigh all the evidence in the record, "but need not view it in the light most favorable to the nonmoving party." *Id.* The decision to grant or deny a motion for new trial falls within the sound discretion of the district court. *Seibert v. Jackson Cnty.,* 851 F.3d 430, 438 (5th Cir. 2017) (citing *Treadaway v. Societe Anonyme Louis–Dreyfus*, 894 F.2d 161, 164

---

[1] The Court notes that the correct spelling of Plaintiff's name is Shamberia Smith, which is consistently misspelled as "Shambria" in Plaintiff's filings. (*See* Rec. Doc. 81).

(5th Cir. 1990)). Applying these standards to Plaintiff's motion, the Court finds her request for a new trial on the asserted grounds to be unfounded.

In this motion, Plaintiff contends that the inclusion of any mention of Plaintiff's employer, Hammond Daily Star, "relating to her Workers' Compensation" was improper and created juror confusion. (Rec. Doc. 89-1 at p. 2). Specifically, Plaintiff complains that Defense counsel's use of Exhibit 7[2] (Workers' Compensation 1008 Form) in his opening statement, and the inclusion of the Hammond Daily Star in the jury instructions and jury verdict form was prejudicial error. (*Id.*). Plaintiff cites the jury's question asking whether Ms. Smith had any pending lawsuits against Hammond Daily Star as evidence that the jury was "misguided." (Rec. Doc. 89 at p. 2).

Plaintiff did not file a written objection to the now disputed Exhibit 7, nor does Plaintiff point to an objection made during trial regarding the use of Exhibit 7. (Rec. Doc. 83-1 at p. 1). Rather, this exhibit was listed in the Joint Pre-Trial Order under Defendant's list of exhibits "to be admitted *without objection*." (Rec. Doc. 61 at p. 15) (emphasis added).[3] Despite Plaintiff's oversight, Plaintiff concedes that the Court ordered that Workers' Compensation was not to be referenced at trial. (Rec. Doc. 89 at p. 2). Further, pursuant to the Court's oral ruling, Exhibit 7 was permitted for use as an accident report, provided Workers' Compensation references were redacted. At trial, Exhibit 7 was admitted without objection (Rec. Doc. 78, minute entry). Moreover, Plaintiff admits that "the amount of the Louisiana Workers compensation benefits was never mentioned to

---

[2] Plaintiff failed to attach Exhibit 7 at issue. The Court also notes that Plaintiff has not provided a trial transcript in connection with her motion.

[3] Importantly, counsel had several opportunities to submit the "final" joint pre-trial order to the Court.

the jury." (Rec. Doc. 89-1 at p. 8). Accordingly, the Court finds that this challenge was not preserved, is without merit, and thus is not grounds warranting a new trial.

The Court is equally unpersuaded by Plaintiff's argument for a new trial based on the inclusion of Hammond Daily Star Publishing, Inc. in the jury instructions and jury verdict form. On Monday, April 30, 2018, the Court held a conference regarding jury instructions and the jury verdict form. The Court made revisions in accordance with the parties' mutual agreement and provided the revised documents to parties' counsel for review. Neither party made any objection or request for further revisions. At the close of evidence, but prior to jury deliberation, the Court inquired as to whether either party had objections to the jury instructions or the jury verdict form. Plaintiff made no objections,[4] as required by Federal Rule of Civil Procedure 51. Furthermore, Plaintiff participated in consideration of the jury's question and made no objection regarding the answer provided to the jury, which referred the jury back to the comparative fault instruction. (Rec. Doc. 81-1).

Plaintiff was given multiple opportunities to timely object to the proposed instructions and the jury verdict form; however, the record is devoid of any indication that Plaintiff objected to either with respect to the issues she now cites as grounds for a new trial. Notably, Plaintiff never filed objections to the jury instructions in accordance with the Court's April 19, 2018 Order. (*See* Rec. Doc. 53). In an effort to preserve her challenge, Plaintiff cites to Rec. Doc. 66, "Objections to *Kansa's* Proposed Jury Verdict Form," which Plaintiff filed on April 24, 2018. The Court finds the filing date significant as Plaintiff's only objection on record was filed prior to the jury charge

---

[4] The only objection Plaintiff made pertained to a disfigurement damages instruction. However, the objection was subsequently withdrawn by the Plaintiff.

conference, as well as prior to the Court's inquiry regarding objections to the final jury instructions and final jury verdict form. Additionally, in Rec. Doc. 66, Plaintiff cites a Louisiana Supreme Court case recognizing that the 1996 revisions to Article 2323 *require* the Court to consider and quantify the fault of each non-intentional tortfeasor. (Rec. Doc. 66 at p. 2).

A party must object at trial to a jury instruction or jury verdict form otherwise the right to challenge is waived. *See Tex. Beef Grp. v. Winfrey*, 201 F.3d 680, 689 (5th Cir. 2000). A motion for a new trial "cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Garriott v. NCsoft Corp.*, 661 F.3d 243, 248 (5th Cir. 2011). Thus, Plaintiff waived her right to challenge the exhibit, jury instructions, and jury verdict form when she failed to timely object at trial, despite the numerous opportunities the Court provided to raise such objections. *See Moyer v. Siemens Vai Services, LLC*, No. 11-3185, 2013 WL 5839336 (E.D. La. Oct. 29, 2013).

Moreover, assuming, *arguendo*, if it were improper to ask the jury to attribute a percentage to Hammond Daily Star Publishing Company's fault,[5] any such error would be harmless.

---

[5] Because Plaintiff waived her right to assert the instant challenges, the Court does not address the substantive arguments contained in her motion. However, the Court notes the quantification of Plaintiff's employer's fault is mandated by the plain language of the comparative fault statute, La. Civ. Code. Art. 2323 (amended in April 1996), as well as binding precedent. *See e.g., Fontenot v. Dual Drilling Co.*, 179 F.3d 969, 972 (5th Cir. 1999) (Art. 2323(A) requires the fact finder to apportion fault among all negligent parties regardless of whether the plaintiff can recover from a [] party or not. Therefore, fault must be attributed to a negligent employer even though the employer is immune from suit under the Louisiana Workers' Compensation Statute."); *see also Keith v. U.S. Fidelity & Guar. Co.*, 694 So. 2d 180 (La. 1997) (The amendments of article 2323(A) make it "mandatory for the determination of the percentage of fault of all persons contributing to an injury, whether those persons are unidentified non-parties, statutorily immune employers, or others."). The Court notes that the most recent case relied on by the Plaintiff in her motion was decided in 1992 (pre-amendment).

*See, e.g., Rouillier v. Illinois Cent. Gulf R.R.*, No. 87-0677, 1988 WL 98282 (E.D. La. Sept. 15, 1988). At most, the error would affect the amount of total damages the jury would find plaintiff to have suffered. However, the jury never had to reach the interrogatories relative to Hammond Daily Star Publishing, Inc. In accordance with the instructions on the jury verdict form, the jury stopped answering the interrogatories once it decided that the Kansa 480 Newspaper Inserter was not unreasonably dangerous in design or due to inadequate warning.[6] (Rec. Doc. 85).

Finally, the Court rejects Plaintiff's argument that the jury's finding with respect to inadequate warning warrants a new trial.[7] The Court cannot find that the jury's verdict was contrary to the weight of the evidence. Upon evaluating the evidence for itself, the Court finds sufficient evidence to support the jury's verdict.

Given the foregoing, the Court finds that Plaintiff has demonstrated nothing more than that she is disappointed with the jury's verdict. She certainly has not shown entitlement to the extraordinary relief of a new trial. Accordingly, **IT IS ORDERED** that Plaintiff's Motion for New Trial (Rec. Doc. 89) is **DENIED**.

New Orleans, Louisiana, this 15th day of May 2018.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

---

[6] The Court declines to address Plaintiff's unsubstantiated and wholly speculative statements that the jury's verdict infers that they believed Hammond Daily Star Publishing was at fault and that the jury thought that awarding in favor of Ms. Smith would add an additional monetary award.

[7] Plaintiff concedes that "this Court accurately stated the law on the Louisiana Product Liability Act." (Rec. Doc. 89-1 at p. 8).

5