# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHAMBRIA NECOLE SMITH** | **CIVIL ACTION** |
| **VERSUS** | **No. 16-16597** |
| **KANSA TECHNOLOGY, L.L.C.** | **SECTION I** |

## ORDER & REASONS

Before the Court is a motion[1] for leave to interview jurors filed by plaintiff Shambria Necole Smith ("Smith"). Defendant Kansa Technology, L.L.C. ("Kansa") opposes the motion.[2] For the following reasons, the motion is denied.

In April of 2018, Smith was the plaintiff in a trial before another section of this Court. At the conclusion of trial, the jury rendered a verdict in favor of Kansa.[3] In her motion, Smith—without a single citation to any case law—requests leave to permit her counsel to interview the jurors from her case and "obtain any additional information that may or may not support a finding of a jury taint along with evidentiary issues."[4]

According to Smith, her expert witness observed one of defense counsel's staff members interacting with someone Smith identifies as "Ms. Hydel" ("Hydel"), a

---

[1] R. Doc. No. 97. Smith correctly notes that the local civil rules prohibit attorneys from speaking with, examining or interviewing any juror regarding the proceedings, except with leave of court." E.D. La. L.R. 47.5.
[2] R. Doc. No. 101.
[3] R. Doc. No. 87.
[4] R. Doc. No. 97, at 2.

supposed "courier" for one of the jurors, during trial.[5] Kansa does not deny the interaction occurred, but it argues that the conversation between its staff member, Tammi Miller ("Miller"), and Hydel was not improper and did not influence Hydel or any member of the jury.[6] According to Miller's affidavit, Hydel walked out of the courtroom into the hallway where Miller was sitting and stated that she had been asked to leave Judge Engelhardt's courtroom because she was drinking from a water bottle.[7] Miller claims that she responded by commenting that Judge Engelhardt had instructed her to sit down when she was handing defense counsel a document.[8] Smith does not contest Miller's account of the conversation.

"Federal courts have generally disfavored post-verdict interviewing of jurors." *Haeberle v. Tex. Int'l Airlines*, 739 F.2d 1019, 1021 (5th Cir. 1984). The Fifth Circuit has "repeatedly refused to 'denigrate jury trials by afterwards ransacking the jurors in search of some new ground, not previously supported by evidence, for a new trial.'" *Id.* (quoting *United States v. Riley*, 544 F.2d 237, 242 (5th Cir. 1976), *cert. denied*, 430 U.S. 932 (1977)). A district court has discretion over a party's request to interview jurors post-trial. *Abel v. Ochsner Clinic Found.*, No. 06-8517, 2010 WL 1552823, at *1 (5th Cir. 2010) (citing *United States v. Booker*, 334 F.3d 406, 416 (5th Cir. 2003)); *see also Green Constr. Co. v. Kan. Power & Light Co.*, 1 F.3d 1005, 1012 (10th Cir. 1993) ("District courts have 'wide discretion' to restrict attorney-juror contact in order to

---

[5] *Id.* at 2.
[6] R. Doc. No. 103, at 9.
[7] R. Doc. No. 101-1, at 1.
[8] *Id.*

shield jurors from post-trial 'fishing expeditions' by losing attorneys."). Any party questioning the integrity of a jury on prejudice grounds bears the burden of proving prejudice by a preponderance of the evidence. *United States v. Riley*, 544 F.2d 237, 242 (5th Cir. 1976). Smith has not met her burden because she has offered no compelling reason for the Court to permit her counsel to interview the jurors.

She does not suggest that Miller interacted with a juror. Rather, it is undisputed that whomever Miller spoke with was not a member of the jury.[9] Even then, Smith does not argue that their conversation was inappropriate or that it pertained to the trial. In her affidavit, Miller attests that she never "discuss[ed] with [Hydel] any aspect of the trial proceedings," a contention Smith does not refute.[10]

Smith has likewise not provided any evidence demonstrating prejudice to her case as a result of the alleged conversation.[11] Smith's allegations of potential jury taint are thus wholly speculative, and any suggestion of jury misconduct is unsubstantiated. Without any additional evidence that the interaction between Hydel and Miller tainted or improperly influenced the jury or the jury's verdict, the Court declines to upset this Circuit's general rule disfavoring post-trial jury interviews.

The Court similarly declines to authorize a juror interview based on the amorphous allegation that such an interview might glean information regarding

---

[9] R. Doc. No. 94-1, at 6.
[10] R .Doc. No. 101-1, at 2.
[11] Nothing prevents Smith's counsel from speaking with the "courier."

"evidentiary issues."[12] Smith has not articulated any legal basis or support that persuades this Court to exercise its discretion and grant her request.

For the foregoing reasons,

**IT IS ORDERED** that Smith's motion is **DENIED**.

New Orleans, Louisiana, June 28, 2018.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

---

[12] R. Doc. No. 94-1, at 2.