# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHAMBRIA NECOLE SMITH** | **CIVIL ACTION** |
| **VERSUS** | **No. 16-16597** |
| **KANSA TECHNOLOGY, L.L.C.** | **SECTION I** |

### ORDER & REASONS

Before the Court is a motion[1] for relief from judgment[2] pursuant to Federal Rule of Civil Procedure 60(b) filed by plaintiff Shambria Necole Smith ("Smith"). For the following reasons, the motion is denied.

### I.

In 2015, Smith was injured at work while using a newspaper inserter manufactured by defendant Kansa Technology, L.L.C. ("Kansa").[3] At the time, Smith was employed by Hammond Daily Star Publishing Company, Inc. ("the Hammond Daily Star").[4] Smith filed a lawsuit against Kansa and the Hammond Daily Star in Louisiana state court.[5] The case was eventually removed to federal court and tried by another section of this Court. The sole defendant at trial was Kansa because the Court had previously granted a motion for summary judgment dismissing Smith's claims against the Hammond Daily Star.[6]

---

[1] R. Doc. No. 94.
[2] R. Doc. No. 87.
[3] R. Doc. No. 1-3, at 1; R. Doc. No. 32-1, at 2.
[4] R. Doc. No. 12-1, at 1.
[5] R. Doc. No. 1, at 1–2.
[6] R. Doc. No. 1; R. Doc. No. 13.

At the conclusion of trial, the jury rendered a verdict in favor of Kansa, finding that the inserter that injured Smith was not unreasonably dangerous.[7] Smith then timely filed a motion for new trial, which the Court denied.[8] Shortly thereafter, the case was reassigned to this section, which now considers Smith's motion for relief from the earlier judgment.

## II.

Federal Rule of Civil Procedure 60(b) provides for relief from a final judgment, order, or proceeding in the following limited circumstances:

>  (1) mistake, inadvertence, surprise, or excusable neglect;
>
>  (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
>  (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
>  (4) the judgment is void;
>
>  (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>  (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60(b) relief is "uncommon" and "will be afforded only in 'unique circumstances.'" *Lowry Dev., L.L.C. v. Groves & Assocs. Ins., Inc.*, 690 F.3d 382, 385 (5th Cir. 2012); *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 287 (5th Cir. 1985) (quoting *Wilson v. Atwood Group,* 725 F.2d 255, 257, 258 (5th Cir. 1984)). "The Rule

---

[7] R. Doc. No. 87; R. Doc. No. 85, at 1.
[8] R. Doc. No. 89; R. Doc. No. 91.

2

is to be 'liberally construed in order to do substantial justice,' but at the same time, 'final judgments should [not] be lightly reopened.'" *Lowry Dev., L.L.C.*, 690 F.3d at 385 (citation omitted).

## III.

Smith argues that relief is warranted under Rule 60(b) for three reasons. First, Smith contends that the Court erred in allowing the jury to "consider Hammond Daily Star, by allowing Exhibit 7 to be used at trial."[9] Second, Smith argues that the evidence presented at trial could not possibly support the jury's conclusion regarding whether the inserter was unreasonably dangerous. And finally, Smith argues that consideration of new information discovered after the conclusion of trial requires granting her relief from the judgment. The Court addresses each of these arguments in turn.

### A.

According to Smith, the Court was mistaken to expose the jury to any reference to workers' compensation or the Hammond Daily Star at trial.[10] Specifically, Smith refers to the Court's decision to include any mention of the Hammond Daily Star on the jury verdict form and the jury's exposure to a report from the Hammond Daily Star's workers' compensation insurer detailing the incident (marked as Exhibit 7 at trial, "Exhibit 7").[11] Smith argues that Exhibit 7 and the jury verdict form—which,

---

[9] R. Doc. No. 94-1, at 7.
[10] *Id.* at 5.
[11] *Id.*; R. Doc. No. 94-2. In its opposition, Kansa notes that the version of Exhibit 7 attached to Smith's motion (R. Doc. No. 94-2) is the unredacted version—not the version introduced into evidence at trial. R. Doc. No. 103, at 6.

3

as written, required the jury to assess whether the Hammond Daily Star was at fault if it determined the inserter was unreasonably dangerous—"misled the jury [into rendering] a verdict in favor of the defense."[12]

Smith asserts that these alleged mistakes permit the Court to grant her relief under Rule 60(b)(1). Under that clause, a court may grant a moving party relief from an earlier judgment because of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. Pro. 60(b)(1). However, "these terms are not wholly open-ended. Gross carelessness is not enough." *Pryor*, 769 F.2d at 287 (internal quotations and citation omitted). Because Rule 60(b)(1) "affords extraordinary relief," Smith must "make a sufficient showing of unusual or unique circumstances justifying such relief." *Id.* at 286. The Court concludes that Smith has failed to make such a showing.[13]

As the court that presided over the trial discussed in its order denying Smith's motion for a new trial ("Judge Engelhardt's order"),[14] Louisiana's comparative fault statute requires apportioning fault among all tortfeasors, including those that are not parties to the action. La. Civ. Code Ann. art. 2323; *see also McAvey v. Lee*, 58 F.Supp.2d 724, 725 (E.D. La. Oct. 30, 1998) (Lemmon, J.) (explaining that the 1996 amendment to Louisiana's comparative fault statute "revised the substance and

---

[12] R. Doc. No. 94-1, at 5.
[13] Despite three full pages dedicated to "legal arguments" in her motion, Smith does not cite one case to support her contention that the Court should grant her relief from the judgment pursuant to Rule 60(b).
[14] R. Doc. No. 91, at 4 (noting that, contrary to Smith's argument that the court should not have included the Hammond Daily Star on the jury verdict form, Smith "cites a Louisiana Supreme Court case recognizing that the 1996 revisions to Article 2323 *require* the Court to consider and quantify the fault of each non-intentional tortfeasor").

4

procedure to require the allocation of fault to nonparties"). Any reference to the Hammond Daily Star on the jury verdict form cannot be considered a "mistake, inadvertence, or excusable neglect" under 60(b)(1): the reference was appropriate.[15] Moreover, Smith never objected to the final jury instructions or to the final jury verdict form.[16]

Smith's brief makes it difficult for the Court to ascertain exactly what Smith is arguing with respect to Exhibit 7; however, Smith does contend that its use at trial was "prejudicial."[17] In her motion, Smith refers to an April 24, 2018 written objection—which predates the trial—filed in response to Kansa's proposed jury verdict form.[18] According to Smith, this objection evidences the fact that she objected to Exhibit 7.[19] That document, however, never mentions Exhibit 7. To the contrary, Exhibit 7 was listed in the joint pre-trial order proposed by both parties, which states that the exhibit was "to be admitted *without objection*" (emphasis added).[20] Despite being given multiple opportunities, Smith did not object to the admission of Exhibit 7 into evidence at trial.[21]

---

[15] *Id.* at 4 n.5.
[16] *Id.* at 3–4.
[17] R. Doc. No. 94-1, at 5.
[18] R. Doc. No. 66.
[19] R. Doc. No. 94-1, at 4.
[20] R. Doc. No. 91, at 2 (citing R. Doc. No. 61, at 15). Additionally, Judge Engelhardt ordered the parties not to mention workers' compensation at trial, and Exhibit 7 was redacted to exclude any workers' compensation references.
[21] *Id.* at 2–3. This Court independently reviewed Exhibit 7 as it was admitted into evidence at trial. All references to workers' compensation and the insurance company were redacted.

**B.**

Smith also argues that relief is proper because the jury's findings were "contrary to law."[22] According to Smith, the jury could not have properly concluded that the inserter was not unreasonably dangerous as a result of inadequate warning because there was "no evidence of any warning labels on the . . . equipment."[23] Smith does not specify which Rule 60(b) clause provides a basis for relief encompassing this alleged error, so the Court will assume that Smith is asserting that point under the "catch-all" clause, Rule 60(b)(6). *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 357 (5th Cir. 1993).

Rule 60(b)(6) permits a court to grant relief from an earlier judgment for "any other reason that justifies relief" besides those articulated in clauses (1) through (5). Fed. R. Civ. Pro. 60(b)(6). This clause "provides a grand reservoir of equitable power to do justice in a particular case.'" *Government Fin. Servs. One Ltd. P'ship v. Peyton Place, Inc.*, 62 F.3d 767, 774 (5th Cir. 1995) (citation omitted). However, relief may only be granted "if extraordinary circumstances are present." *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002) (quoting *Batts v. Tow–Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995)). "[T]he movant must show 'the initial judgment to have been manifestly unjust.'" *Edward H. Bohlin*, 6 F.3d at 357.

Smith offers no evidence of "extraordinary circumstances" warranting relief under Rule 60(b)(6). In Judge Engelhardt's order, the Court concluded that it could

---

[22] R. Doc. No. 94-1, at 2.
[23] *Id.* at 8.

6

not "find that the jury's verdict was contrary to the weight of the evidence. Upon evaluating the evidence for itself, the Court finds sufficient evidence to support the jury's verdict."[24] Judge Engelhardt conducted an independent review of the record, and he was unable to conclude that the jury's findings were unsubstantiated. That court was undoubtedly in a better position than this Court is to now analyze the issues presented at trial, evaluate the proffered evidence, and determine the credibility to be given each witness. Consequently, this Court defers to the findings in Judge Engelhardt's order[25] and concludes that Smith has not established the existence of "extraordinary circumstances" or shown that the judgment rendered against her was "manifestly unjust." *Hess*, 281 F.3d at 216; *Edward H. Bohlin Co.*, 6 F.3d at 357.

## C.

Finally, Smith claims that the jury was potentially "taint[ed]" during trial.[26] According to Smith, her expert witness observed one of defense counsel's staff

---

[24] R. Doc. No. 91, at 5.

[25] *See generally* R. Doc. No. 91.

[26] In a memorandum filed in support of her motion, Smith states that she seeks relief "at a minimum under FRCP 60(b)1-3 and 6" without specifying which of her arguments correspond with those four bases for relief. R. Doc. No. 94-1, at 7. Some of Smith's arguments use language taken directly from particular clauses.

For example, Smith argues that it was "mistake, inadvertence and/or excusable neglect" for the court to allow the jury to consider the Hammond Daily Star during its deliberations at trial. This language mirrors the language in Rule 60(b)(1), so the Court is able to deduce that Smith seeks relief pursuant to clause (1) with respect to that argument. Regarding her argument that the jury was possibly tainted, however, Smith does not specify which clause warrants relief. Under "Legal Issues Presented," she asks, "Does the evidence support potential misconduct by the staff of opposing counsel?" R. Doc. No. 94-1, at 2. This would seem to suggest Smith is requesting relief under 60(b)(3) (fraud, misrepresentation, or misconduct by an

7

members interacting with someone Smith identifies as "Ms. Hydel" ("Hydel"), a supposed "courier" for one of the jurors. Kansa does not deny the interaction occurred, but it argues that the conversation between its staff member, Tammi Miller ("Miller"), and Hydel was not improper and that it did not influence any juror.[27] According to Miller's affidavit, Hydel exited the courtroom into the hallway where Miller was sitting, and she stated that she had been asked to leave Judge Engelhardt's courtroom because she was drinking from a water bottle.[28] Miller asserts that she responded by commenting that Judge Engelhardt had instructed her to sit down when she was handing defense counsel a document.[29] Smith contends that this interaction is "new evidence" that warrants relief under Rule 60(b)(2).[30]

"To succeed on a motion brought under 60(b)(2) based on newly discovered evidence, the movant must demonstrate (1) that it exercised due diligence in obtaining the information and (2) the evidence is material and controlling and clearly would have produced a different result if presented before the original judgment." *Government Fin. Servs.*, 62 F.3d at 770–71 (internal quotations and citations

---

opposing party). But in her concluding paragraph, she asserts that "the potential jury taint could not have been discovered in time to move for a New Trial." This borrows language from 60(b)(2) (newly discovered evidence). Notwithstanding Smith's poorly written submission, the Court will address both bases for relief, but it urges Smith's counsel to better articulate his legal grounds in future filings.

[27] R. Doc. No. 103, at 9.
[28] R. Doc. No. 101-1, at 1.
[29] *Id.*
[30] The Court questions whether the fact that Smith's witness allegedly observed a defense counsel staff member speak to a "courier" for one of the jurors may be considered "evidence" under Rule 60(b)(2). Smith has produced no support for such contention, but the Court need not decide that issue because Smith's argument fails for other reasons.

omitted). "As the party seeking relief, [Smith] must bear the burden of showing that [the rule] applies." *Frew v. Janek*, 780 F.3d 320, 327 (5th Cir. 2015).

Smith's only issue with this alleged interaction is that it "*potentially* led to influence and juror conduct" (emphasis in original).[31] She does not suggest that Miller interacted with a juror. In fact, it is undisputed that whomever Miller spoke with was not a member of the jury.[32] Even then, Smith does not argue that their conversation was inappropriate or that it pertained to the trial. In Miller's affidavit—submitted by Kansa in support of its opposition to Smith's motion—she states that she never "discuss[ed] with [Hydel] any aspect of the trial proceedings."[33] Smith has not refuted that assertion or disputed any portion of Miller's account. Accordingly, Smith has not demonstrated that any evidence of the alleged interaction is "material" and "controlling," or that it would have produced a different result had it been presented before the judgment. *Government Fin. Servs.*, 62 F.3d at 771.

Alternatively, Smith argues that this new information suggesting possible jury tampering warrants relief under 60(b)(3). Rule 60(b)(3) permits relief from a judgment because of "fraud . . ., misrepresentation, or misconduct by an opposing party." A party is entitled to relief under Rule 60(b)(3) if (1) the opposing party "engaged in fraud or misconduct" and (2) the misconduct "prevented the moving party from fully and fairly presenting his case." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 641 (5th Cir. 2005) (citing *Government Fin. Servs.*, 62 F.3d at 772). The moving party

---

[31] R. Doc. No. 94-1, at 6.
[32] *Id.*
[33] R. Doc. No. 101-1, at 2.

bears the burden of proving the fraud, misrepresentation, or misconduct "by clear and convincing evidence." *Id.* (citation omitted).

Smith has offered nothing—not even an anecdotal suggestion—to show that Kansa or its attorneys engaged in misconduct. However, even assuming Smith can establish misconduct or misrepresentation—which would require clear and convincing evidence—Smith has not offered any evidence to establish that she was unable to fully and fairly present her case as a result. *Williams v. Thaler*, 602 F.3d 291, 312 (5th Cir. 2010) (affirming the district court's denial of the plaintiff's motion for reconsideration under 60(b)(3) because—even though the opposing party conceded misconduct—the plaintiff did not "demonstrate[] how the violation prevented him from fully and fairly presenting his case"). Her arguments under 60(b)(3) thus fail.

Having considered each of Smith's arguments, the Court is unpersuaded that it should exercise its discretion to grant her relief from the earlier judgment.

Accordingly,

**IT IS ORDERED** that Smith's motion is **DENIED.**

New Orleans, Louisiana, July 2, 2018.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**