# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHAMBRIA NECOLE SMITH | CIVIL ACTION |
| VERSUS | No.: 16-16597 |
| KANSA TECHNOLOGY, L.L.C. | SECTION: "I" (4) |

## ORDER

Before the Court is a **Motion to Stay Matter Pending Outcome of Plaintiff's Appeal, or in the Alternative, a Continuance of the Judgment Debtor Rule and/or Opposition to the Judgment Debtor Rule (R. Doc. 130)** seeking a stay of the judgment debtor examination currently set for April 17, 2019, or in the alternative, to continue the judgment debtor examination until after the appeal. The motion is opposed. R. Doc. 131.

## I. Background

This products liability action arose out of events on October 13, 2015, whereby Plaintiff Shambria Necole Smith alledgely sustained injuries when she entangled her hand in a paper press. R. Doc. 1. The Plaintiff brought suit against Defendants Kansa Technology, LLC and Hammond Daily Star Publishing Company for, inter alia for failing to provide adequate warnings, despite having training on how to use the machine. *Id*.

On May 2, 2018, after jury trial, the jury rendered a verdict in favor of Kansa. R. Doc. 85; see R. Doc. 131. Judge Englehardt signed the final judgment in favor of Kansa and against the Plaintiff, dismissing her claims with prejudice. R. Doc. 87.

The Court denied all post-trial motions and on July 31, 2018, the Plaintiff filed a Notice of Appeal to the United States Court of Appeals for the Fifth Circuit as to the denied motions. The matter is still upon review and the Fifth Circuit has not yet rendered a decision. R. Doc. 131.

In the meantime, Kansa moved to tax costs against the Plaintiff (R. Doc. 92), and the Clerk of the Court granted this motion on February 15, 2019 for the amount of $7,693.96. R. Doc. 121. Kansa then filed a Motion to Examine Judgment Debtor that sought an order requiring the Plaintiff to appear and produce documents regarding her ability to satisfy this judgment. R. Doc. 126. The Judgment Debtor Examination was originally set for April 11, 2019, however, following the filing of the Plaintiff's Motion to Stay (R. Doc. 130), the Court reset the examination for April 17, 2019, to be heard concurrently with the Motion to Stay. R. Doc. 133.

The Plaintiff argues that the District Court does not have jurisdiction over the matter while the case is pending appeal. R. Doc. 130, p. 3. Further, the Plaintiff states that continuation of these proceedings largely defeats the point of an appeal and creates the risk of inconsistent handling of the case by the Courts. *Id*. at p. 2.

Kansa argues, *inter alia*, that since the Plaintiff has not challenged or sought any review of the order taxing costs against her, nor has she posted an supersedeas bond, she is not entitled to an automatic stay of any future efforts to enforce the award of costs in favor of Kansa, must less to a stay of the pending Judgment Debtor Examination. R. Doc. 131.

The matter will be heard with oral arguments on April 17, 2019.

## II. **Standard of Review**

Federal Rule of Civil Procedure 69(a)(1) provides that "[a] money judgment is enforced by a writ of execution, unless the court directs otherwise," and that "[t]he procedure on execution – and in proceedings supplementary to and in aid of judgment or execution – must accord with the

2

procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a)(1); *see Smith v. Curtis Int'l Ltd.*, No. 3:15-CV-1685-M, 2016 WL 67771, at *2 (N.D. Tex. Jan. 6, 2016). Federal Rule of Civil Procedure 69(a)(2) provides that, "[i]n aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person – including the judgment debtor – as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2). Rule 69 allows the judgment creditor to elect to conduct discovery either under the applicable state law or the Federal Rules of Civil Procedure. *See British Int'l Ins. Co. v. Seguros La Republica, S.A.*, 200 F.R.D. 586, 594-95 (W.D. Tex. 2000). "The scope of postjudgment discovery is very broad to permit a judgment creditor to discover assets upon which execution may be made." *F.D.I.C. v. LeGrand*, 43 F.3d 163, 172 (5th Cir. 1995).

Federal Rule of Civil Procedure 62(d) provides that, "[i]f an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) or (2). The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond." Fed. R. Civ. P. 62(d).

Courts have held that, where a notice of appeal is filed but the appealing party "did not post a supersedeas bond or obtain a stay of the judgment pending appeal," the judgment creditor "may treat the judgment as final and execute upon it," and that, "[i]f a judgment may be executed upon after an appeal has been filed, certainly discovery in aid of its execution is not precluded by the filing of an appeal." *Nat'l Serv. Indus., Inc. v. Vafla Corp.*, 694 F.2d 246, 250 (11th Cir. 1982).

**III. <u>Analysis</u>**

Here the Plaintiff, citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982), argues that the District Court does not have jurisdiction over the matter while the case is

3

pending appeal. R. Doc. 130, p. 3. Further, the Plaintiff states that continuation of these proceedings largely defeats the point of an appeal and creates the risk of inconsistent handling of the case by the Courts. *Id*. at p. 2. The Plaintiff argues that, without a stay of the proceedings, or a continuance of the judgment debtor examination, the plaintiff will be prejudiced because she may possibly have to litigate against both District Court motions and a U.S. Court of Appeals, Fifth Circuit ruling granting a New Trial. *Id*. at p. 3. The Plaintiff further argues that this would make the bond issue moot until further proceedings in the matter. *Id*.

Citing *White v. New Hampshire Dep't of Employment Sec.*, 455 U.S. 445, 451-52 (1982) and *Union Oil Co. of Cal. V. Leavell*, 220 F.3d 562, 565-66 (7th Cir. 2000), Kansa argues that *Griggs* does not divest a district court of its jurisdiction to enforce orders or judgments regarding legal issues that are collateral to the main action in a case that is on appeal. R. Doc. 131, p. 4. Further, Kansa argues that they only seek to examine the financial condition of the Plaintiff regarding her ability to pay the costs of the trial proceedings in this court, and that they are not seeking to execute or enforce the award of costs against the Plaintiff. *Id*. at p. 6.

Kansa also argues that the issue of court costs is collateral because the three issues that the Plaintiff is contesting on appeal are ((1) the Court's denial of her motion for new trial; (2) leave to interview the jurors; and (3) relief under Rule 60(b)) regard the Court's denial of her post-trial motions, which are all separate and distinct issues from the Clerk of the Court's order taxing costs against her. *Id*. at p. 7. Kansa further argues that, given that the Plaintiff has not challenged or sought any review of the order taxing costs against her, nor has she posted an supersedeas bond, she is not entitled to an automatic stay of any future efforts to enforce the award of costs in favor of Kansa, must less to a stay of the pending Judgment Debtor Examination.

4

When a party seeks appeal, rather than consideration of a post-trial motion under Rule 62(b), the court enjoys only limited discretion in staying its judgment. *Parkcrest Builders, LLC v. Hous. Auth. of New Orleans*, No. CV 15-1533, 2018 WL 3743812, at *2 (E.D. La. Aug. 7, 2018). That is so because, Rule 62(d) explicitly refers to a supersedeas bond as the means to stay judgment pending appeal. Fed. R. Civ. P. 62(d); *see Parkcrest Builders*, 2018 WL 3743812, at *2. "The purpose of a supersedeas bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal." 2018 WL 3743812, at *2 (citing *Poplar Grove Planting and Refining Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979)). In other words, the bond requirement balances the appealing party's risk that restitution may be impossible after reversal with the prevailing party's risk of loss for being "forced to forgo execution on a judgment during the course of an ineffectual appeal." *Id.* Nevertheless, the bond may be lowered or even waived according to the Court's discretion or if one of Rule 62's enumerated exceptions applies. *Id*. at *2.

If a party wishes to stay without posting bond, it bears the burden to objectively demonstrate why the Court should depart from the traditional rule. *Id.* The Fifth Circuit has acknowledged that the bond requirement might be substituted for some other form of security in cases where it would either be (1) very easy for the judgment debtor to pay after appeal or (2) the judgment debtor would suffer undue financial burden by being forced to post a full bond. *Id.* (citing *Poplar Grove Planting and Refining Co., Inc.*, 600 F.2d at 1191). In either case, it is required that the judgment debtor "furnish equal protection to the judgment creditor" through a bond alternative. *Id.* Courts will also sometimes consider additional factors, such as the complexity of collection, the amount of time required to obtain a judgment after it is affirmed on appeal and whether the defendant's position is so precarious that requiring bond would place other creditors in an insecure position. *Id*. (citing *Greater New Orleans Fair Hous. Action Ctr. v. St. Bernard Par.*, No. CIV.A. 06-7185, 2013 WL 5525691, at *1 (E.D. La.

Oct. 4, 2013) and *Chaney v. New Orleans Pub. Facility Mgmt., Inc.*, No. CIV. A. 96-4023, 1998 WL 43140, at *2 (E.D. La. Feb. 3, 1998)).

Besides for the limited discretion district courts enjoy to waive or lower the bond amount, Rule 62 provides several exceptions to the supersedeas bond requirement. 2018 WL 3743812, at *3 First, a court cannot impose bond on the United States, its officers, or its agencies. Fed. R. Civ. P. 62(e); see 2018 WL 3743812, at *3. Second, under Rule 62(f), a judgment debtor may not be required to post a bond if the debtor shows: (1) a judgment results in a lien; and (2) the judgment creditor would be entitled to a lien under state law. 2018 WL 3743812, at *3.

Courts in this circuit have held that a stay applies to all proceedings to enforce the judgment, including the post-judgment discovery under Rule 69(a)(2). *See Smith v. Curtis Int'l Ltd.*, No. 3:15-CV-1685-M, 2016 WL 67771, at *2 (N.D. Tex. Jan. 6, 2016); (citing generally *Halliburton Energy Servs., Inc. v. NL Indus.*, 618 F. Supp. 2d 614, 654-61 (S.D. Tex. 2009) and *F.D.I.C. v. Scott*, 945 F. Supp. 988, 990 (S.D. Miss. 1996).

Here, the Plaintiff has not posted a supersedeas bond and does not fall into either category. The Plaintiff has failed to even minimally argue for departure from the traditional rule. Moreover, as Kansa stated, it is not yet seeking to execute or enforce the award of costs against the Plaintiff. Rather, they are merely seeking to examine the Plaintiff's financial condition and assess her ability to pay the costs of the trial proceedings.

## IV. Conclusion

Accordingly,

**IT IS ORDERED** that the Plaintiff's **Motion to Stay Matter Pending Outcome of Plaintiff's Appeal or in the Alternative a Continuance of the Judgment Debtor Rule and/or**

**Opposition to the Judgment Debtor Rule (R. Doc. 130)** is **DENIED** and the Judgment Debtor Exam proceeded as scheduled.

New Orleans, Louisiana this 15th day of May 2019

_____
KAREN WELLS ROBY
CHIEF US MAGISTRATE JUDGE